## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**TODD H. MILLER,**

      **Petitioner,**

**-vs-**                                                  **Case No.  6:09-cv-304-Orl-35KRS**

**SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,**

      **Respondents.**

_____/

### ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7).  Petitioner filed a reply (Doc. No. 10) and a supplemental reply (Doc. No. 12) to the response.

Petitioner alleges one claim for relief in his habeas petition:  there was a Double Jeopardy violation in his case.

### I.    *Procedural History*

Petitioner was charged by information with two counts of attempted burglary of a structure (counts one and two), one count of fleeing or attempting to elude a law enforcement officer with siren and lights activated (count three), one count of aggravated

battery with a deadly weapon (count four), one count of possession of burglary tools (count five), and one count of resisting an officer without violence (count six).   A jury trial commenced with Judge Frank Kaney presiding over the trial.  During the direct examination of Officer Robert Brown, Petitioner's counsel informed the trial court that a discovery violation had occurred because the State failed to provide the Defendant with a copy of a videotape that the State sought to introduce into evidence.  (Appendix A, Transcript of Trial Held on June 14, 2007, at 38-44.)  Petitioner's counsel then moved for a mistrial, which was granted.  *Id*. at 44-46.

Petitioner subsequently filed a motion to disqualify Judge Kaney, which was granted, and the case was reassigned to another judge.  Petitioner then filed a motion to dismiss the case on the grounds of Double Jeopardy.  Another jury trial commenced, and, prior to the jury selection, the trial court heard arguments on the motion to dismiss and denied the motion.  (Appendix A, Transcript of Trial Held on September 4, 2007, at 5-14.)  Petitioner then entered guilty pleas as to counts one, two, three, five, and six.  *Id*. at 20-28.  The trial proceeded as to count four, and Petitioner was found not guilty as to that count.

The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of ten years as to each of counts one and two, five years as to each of counts three and five, and time served as to count six, with all of the sentences to run concurrently.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

## II.   Legal Standards

## A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III.    Analysis

### A.    Claim One

Petitioner argues that there was a Double Jeopardy violation in this case.   In particular, he contends that the State "knowingly" violated the rules of discovery and "then used the violation to effectively goad Petitioner into mistrial."  According to Petitioner, the Double Jeopardy clause bars a second trial when prosecutorial or judicial conduct provokes a defendant into moving for a mistrial.  This claim was raised in Petitioner's direct appeal.

At trial, Officer Brown testified that he reviewed two surveillance videotapes of a convenience store because of a burglary that had been committed there.  (Transcript of Trial Held on June 14, 2007, at 24-25.)  One videotape was from November 18, 2006, and the other was from November 19, 2006.  *Id*.  According to Officer Brown, the videotapes

---

[1]Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

revealed an individual using a hammer to smash the door window of the business. *Id*. at 25. The November 18, 2006, videotape was admitted into evidence without objection. *Id.* at 28. The prosecutor then began playing the November 18, 2006, videotape, and Officer Brown testified as to the events taking place in the videotape. In particular, he identified Petitioner as the individual using a hammer to break open the front glass door in order to gain entry into the store. *Id*. at 32-34.

The prosecutor next sought to introduce the November 19, 2006, videotape into evidence, and the trial court admitted it into evidence without objection. *Id*. at 38. However, immediately after it was admitted, Petitioner's counsel informed the trial court that the November 19, 2006, videotape she received from the State was not the same as the one being admitted into evidence. *Id*. The November 19, 2006, videotape introduced by the State showed Petitioner and his vehicle, while the videotape provided to Petitioner's counsel did not show either. *Id*. at 39.

Petitioner's counsel argued that there was a discovery violation and that the trial court should either exclude the November 19, 2006, videotape or grant a mistrial. *Id*. at 44. The prosecutor stated that he had not failed to comply with his discovery obligations in that he had provided to Petitioner's counsel copies of the videotapes that had been provided to him by law enforcement. *Id*. at 41. The trial court allowed Petitioner the opportunity to discuss the matter with counsel, and, after discussion, Petitioner's counsel informed the trial court that they "would be moving for a mistrial at this time . . . ." *Id*. at 45. The trial court then granted the motion for a mistrial. *Id*. at 46.

Generally, "when a mistrial is declared upon the defendant's motion or with his

5

consent or because of a manifest, urgent, or absolute necessity, jeopardy does not attach and the defendant may be retried." *Rutherford v. State*, 545 So. 2d 853, 855 (Fla. 1989). There is an exception "when the prosecution goads the defense into moving for a mistrial and gains an advantage from the retrial." *Id*; *see also Oregon v. Kennedy*, 456 U.S. 667, 676 (1982) ("Only where the governmental conduct in question is intended to `goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion."). Consequently, "absent improper governmental action intended to provoke the defendant's mistrial request . . ., the defendant waives his or her constitutional double jeopardy rights where the defendant moves for a mistrial, consents to one, or by his or her conduct causes one." *State v. Gaines,* 770 So. 2d 1221, 1228 (Fla. 2000).   Petitioner argues that there was prosecutorial and judicial conduct that provoked the mistrial request.

In the present case, the record reflects that the mistrial was declared upon Petitioner's motion and consent based on the State's failure to provide Petitioner's counsel with a copy of the videotape.   Even if the State acted improperly in not providing a copy of the videotape to Petitioner's counsel, there is no indication that the State's motive was to obtain a mistrial or to save a losing case, that a mistrial would have benefitted the State in any way whatsoever, or that the State desired a mistrial.  *See Robinson v. State*, 574 So. 2d 108, 112 (Fla. 1991) (finding that the *Kennedy* exception was inapplicable since the prosecutor's misconduct was not a deliberate attempt to provoke a mistrial and there was no indication that the prosecutor wanted a mistrial or that a mistrial would have benefitted the State in any way).  Instead, the State's motive clearly was to introduce evidence that

6

established Petitioner's guilt in order to win the case; it was not done to create error that would force a new trial.  Thus, since the prosecutorial conduct giving rise to the successful motion for a mistrial was not intended to provoke Petitioner into moving for a mistrial, the *Kennedy* exception is inapplicable, and this claim is denied.[2]  As such, Petitioner has not demonstrated that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  As a result, Petitioner is not entitled to federal habeas relief on this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Todd H. Miller is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

---

[2]Likewise, Petitioner has not shown that any of the trial court's actions in granting the mistrial resulted in the application of the *Kennedy* exception.

7

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 15th day of December 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 12/15
Counsel of Record
Todd H. Miller